# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00341-FDW

| | |
|---|---|
| WALTER T. GAUSE, Jr., | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| R. ANDREW MURRAY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], Plaintiff's Pro Se Motion to Amend Complaint [Doc. 12]. On September 9, 2019, the Court entered an order waiving the initial filing fee and directly monthly payments be made from Plaintiff's prison account. [Doc. 18]. Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Walter Timothy Gause is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Facility located in Marion, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff was convicted on February 21, 2014, in Mecklenburg County Superior Court of robbery with a dangerous weapon, and he was sentenced to 22 years in prison.

Plaintiff filed the current action on July 18, 2019, pursuant to 42 U.S.C. § 1983, naming the following four persons as Defendants[1]: (1) R. Andrew Murray, identified as District Attorney; (2) Michael Chen, identified as an assistant district attorney for Mecklenburg County; (3) Glen

---

[1] The Plaintiff has previously filed a § 1983 action against the same Defendants alleging the same or substantially similar conduct and claims. [Civil Case No. 3:18-cv-00378-FDW, Doc. 1]. The Court dismissed that action under Heck v. Humphries, 512 U.S. 477 (1994), because the Plaintiff had not alleged that his underlying conviction has been reversed or otherwise invalidated. [Id., Doc. 6].

Cole, identified as district attorney for Mecklenburg County; and (4) Curtis Dreggens, identified as a detective with the Mecklenburg County Police Department. [Doc. 1 at 1-2]. Plaintiff purports to bring claims against Defendants for (1) "falsifying evidence to jury" by admitting evidence at trial "willfully and intentionally to cause, actual, personal, legal injury;" and (2) due process violation under Brady for "destruction [and] suppression exculpatory material to [Plaintiff's] defense, bad faith." [Doc. 1 at 3]. For relief, Plaintiff seeks, among other things, "monetary settlement" and punitive damages of $1 million against Defendants "in personal capacity." [Doc. 1 at 5].

On August 14, 2019, the Plaintiff moved to amend his complaint to add several more Defendants involved in his prosecution and trial, including: (1) Robert W. Bell, identified as the resident judge of the Superior Court of Mecklenburg County; (2) Denzil H. Forrester, identified as an attorney; (3) Kimberly P. Hoppin, identified as an attorney; (4) Josh Stein, identified as the Attorney General of North Carolina; (5) the North Carolina Court of Appeals; (6) "Municipality. City of Charlotte, NC, County Mecklenburg. County Commission, [Unintelligible] of Charlotte, Gov. enity" [*sic*]; and (7) the District Attorney Office located in Charlotte, North Carolina. [Doc. 12 at 2-3]. Although creatively labeled, the nature of the claims the Plaintiff seeks to assert against these additional Defendants is similar to the claims brought by the Plaintiff against the original four Defendants. [See id. at 9-12; Doc. 14 at 3]. For relief in his proposed amended complaint, the Plaintiff seeks, among other things, punitive damages in the amount of $1 million, "monetary, ancillary injunctive relief declaratory relief," "re-litigation to trial proceeding," or "release from custody." [Doc. 14 at 4].

The Plaintiff makes no allegation in his original or in his proposed amended complaint that his conviction has been overturned or otherwise invalidated. [See Doc. 1, 14].

2

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

Here, the Court has previously dismissed under <u>Heck</u> essentially the same action filed by Plaintiff against the same set of Defendants.  Because the Plaintiff has still failed to allege that his underlying conviction has been vacated or otherwise invalidated, <u>Heck</u> again applies to bar Plaintiff's claims.  The Court reminds the Plaintiff that in <u>Heck</u>, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff, however, has not alleged that his conviction has been reversed or otherwise invalidated. Therefore, his claims remained barred by Heck.[2]

Furthermore, the Plaintiff's motion to amend his complaint will be denied as futile because the claims he proposes would also be barred by Heck. See Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

---

[2] In addition to the fact that Plaintiff's claims are Heck-barred, various Defendants are subject to dismissal for other reasons. That is, district attorney Murray and assistant district attorneys Chen and Cole are entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409 (1976).

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. Plaintiff's Motion to Amend [Doc. 12] is **DENIED**.

3. The Clerk is directed to close this case.

Signed: September 9, 2019

Frank D. Whitney
Chief United States District Judge